FILED
2018 Mar-20  AM 10:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT

# 1

ELECTRONICALLY FILED
2/28/2018 11:37 PM
63-CV-2018-900216.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>63<br><br>Date of Filing:<br>02/28/2018 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**DEDRIC WRIGHT ET AL v. BAYVIEW LOAN SERVICING, LLC ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other      ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☑ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:_____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING        A ☐ APPEAL FROM            O ☐ OTHER
                      DISTRICT COURT

              R ☐ REMANDED          T ☐ TRANSFERRED FROM
                                          OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

| WAT056 | 2/28/2018 11:37:23 PM | /s/ JOHN GRIFFIN WATTS |
|---|---|---|
| | Date | Signature of Attorney/Party filing this form |

**MEDIATION REQUESTED:**      ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
3/2/2018 11:37 PM
63-CV-2018-900216.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **DEDRIC WRIGHT, an individual,** ) | |
| **TALIETHA WRIGHT, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **BAYVIEW LOAN SERVICING, LLC, a** ) | |
| **Corporation;  THE BANK OF NEW YORK** ) | **JURY DEMAND** |
| **MELLON, AS TRUSTEE (CWABS 2006-** ) | |
| **SD3), a Corporation, and Fictitious** ) | |
| **defendants A-Z are those defendants who** ) | |
| **caused or are responsible for the harm done** ) | |
| **to Plaintiffs.** ) | |
| | |
| **Defendants.** | |

## COMPLAINT

**COME NOW** the Plaintiffs Dedric Wright and Talietha Wright (hereinafter "Plaintiffs")

by and through their attorneys of record and file Plaintiffs' Complaint against Defendants and

state as follows:

### JURISDICTION AND VENUE

1.    This is an action brought by a consumer for violations of the Fair Debt Collection

   Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Real Estate Settlement

   Procedures Act[1], 12 U.S.C. § 2605 ("RESPA"), the Truth in Lending Act 15 U.S.C. § 1601

   et seq. ("TILA") and state law by the Defendants including an **illegally scheduled**

   **foreclosure on March 6, 2018**.

2.    This lawsuit is also brought under the authority of Plaintiffs' Mortgage – the very

   paragraph 22 that Defendants seek to use to foreclose expressly gives Plaintiffs the right

   to bring this court action to assert defenses.

---

[1] Any reference to TILA or RESPA or FDCPA or any part thereof encompasses all relevant parts and subparts
thereto.

3.     Venue is proper in this Court as all Defendants do business in this County.

## PARTIES

4.     The Plaintiffs, Dedric Wright and Talietha Wright, (hereinafter "Plaintiffs"), are natural persons who reside within this County.

5.     Defendant The Bank of New York Mellon, As Trustee (CWABS 2006-SD3) ("Defendant" or "The Bank of New York") in this action is a foreign corporation doing business in this County, and is considered a "servicer" and a "creditor" under RESPA and TILA.  It is also considered a "debt collector" under the FDCPA.

6.     Defendant Bayview Loan Servicing, LLC ("Defendant" or "Bayview Loan Servicing Short Name") in this action is a foreign corporation doing business in this County, and is considered a "servicer" and a "creditor" under RESPA and TILA.  It is also considered a "debt collector" under the FDCPA.

7.     Due to the conflicting and contradictory information by Defendants, it is unclear which Defendant allegedly owns the mortgage and which Defendant is acting as a servicer so in this lawsuit both are alleged to be acting together in the line of scope of all agency agreements they have with each other.  Both are alleged to be the agent for each other.

8.     Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.  Any reference to "Defendant" or "Defendants" or "Defendant The Bank of New York" or "Defendant Bayview Loan Servicing" includes all fictitiously described Defendants as well.

## FACTS

2

9.      RESPA and TILA apply to Defendants[2] THE BANK OF NEW YORK and BAYVIEW

LOAN SERVICING and to the loan at issue in this case.

10.     Defendants are collecting on this debt illegally including the fact that the Defendants

have **scheduled an illegal foreclosure on March 6, 2018**.

11.     At some point Defendants THE BANK OF NEW YORK and BAYVIEW LOAN

SERVICING began to allegedly service or own the loan.

12.     After Defendants allegedly took over the loan, they decided to take Plaintiffs' house in an

illegal foreclosure sale.

13.     No proper default letter was sent as required by the mortgage to do a foreclosure.

14.     No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

15.     Defendants have committed illegal dual tracking.

16.     Defendants refused to properly offer loss mitigation options and properly review loss

mitigation requests/applications as required by RESPA.

17.     This is not an oversight or a mistake on the part of Defendants but instead is a deliberate

and calculated plan in an effort to thwart the protections offered to consumers such as

Plaintiffs when dealing with a mortgage loan.

18.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have a

pattern and practice of violating RESPA.

19.     Plaintiffs asked for a payoff and Defendants THE BANK OF NEW YORK and

BAYVIEW LOAN SERVICING refused to provide one.

20.     The actions and inactions of Defendants THE BANK OF NEW YORK and BAYVIEW

LOAN SERVICING violate the TILA, RESPA, and FDCPA as well as state law.

---

[2] Defendants have acted jointly and as agents for each other such that Plaintiffs refer to the Defendants collectively.

3

21. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are a servicer under RESPA, including the definition of 12 U.S.C. §2605(i)(2) & (3) as well as 12 C.F.R. §1024.2.

22. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING engages in the following conduct as a servicer:  asking for periodic monthly payments, handling escrow matters (including insurance and force placed insurance), threatening foreclosure, etc.

23. Companies such as Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING can claim to be an owner or holder of the note and/or mortgage and still be a servicer under RESPA.

24. The loan at issue qualifies under RESPA including 12 C.F.R. §1024.5(a) and 12 C.F.R. §1024.2.

25. TILA applies to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING as they claim to be an ultimate assignee from the original creditor and it is acting as a servicer as well and this loan qualifies under TILA.

26. The FDCPA is a federal law that applies to debt collectors such as Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING.

27. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are in the business of buying and/or servicing defaulted consumer debt, particularly mortgage debt, and then collecting on those defaulted consumer debts.

28. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have as their principal purpose in business to collect debts.

29. Their sole business model is the collecting of defaulted debt, primarily mortgage debt.

4

30.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING do not make loans – instead they collect debt as their business purpose and mission.

31.     The FDCPA applies to mortgage loans, which were allegedly in default at the time the Defendant begins to collect on such loans.

32.     It prohibits deceptive conduct of any type as well as harassing or unfair conduct, even on debts that are owed.

33.     Here, Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING made false statements to Plaintiff and their conduct can only be described as unfair and harassing.

34.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have repeatedly violated the strict liability FDCPA.

35.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are collecting on this debt illegally including the fact that the Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING scheduled an illegal foreclosure on March 6, 2018.

36.     Defendants have given a false and inaccurate reinstatement amount and did not do so in a timely way, thereby depriving the Plaintiffs of the right to reinstate their loan before the foreclosure.

37.     The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were not legally entitled to take or had no intention of taking.

38.     The threatened foreclosure and other illegal collection activities are not authorized by the contracts giving rise to the alleged debt.

39. Defendants have refused to follow all conditions precedent to foreclose, including those under the contract, under state law, under federal law, and under the rules and regulations governing this loan.  Plaintiff has not received proper and required notifications regarding the alleged foreclosure to occur on March 6, 2018.

40. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING used false representations and/or deceptive means to collect on this debt.

41. The collection methods employed by Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were and are harassing and illegal.

**Non-Judicial Foreclosures In Alabama**

42. There are two types of foreclosure in America.

43. By filing a complaint for foreclosure and having the Circuit Court rule that foreclosure is proper.

44. This is known as a "judicial foreclosure."

45. Florida, for example, is a judicial foreclosure state where tens of thousands of foreclosures have been filed in the Circuit Courts.

46. The other way is a "non-judicial foreclosure" and this is used almost 100% of the time in residential foreclosures in Alabama.

47. In a non-judicial foreclosure, the Alabama Supreme Court has repeatedly reminded mortgage companies and foreclosure lawyers that the mortgage and the law must be strictly complied with in order to have the benefit of a non-judicial foreclosure.

48. A non-judicial foreclosure is of great advantage to mortgage companies, as they do not have to file a lawsuit.

49.    Instead, it is akin to a vehicle repossession where there is no court involvement – hence the name of "non-judicial" foreclosure.

50.    To get this great advantage, the mortgage company must strictly comply with all steps and laws.

51.    Here are some of the steps that must be strictly complied with in order to do a non-judicial foreclosure.

52.    <u>First</u>, the homeowner must truly be in default of an existing unpaid loan.

53.    <u>Second</u>, the mortgage company must send a default letter (notice of default) that strictly complies with the mortgage.  In this case, that is paragraph 22 of the mortgage.

54.    <u>Third</u>, if the homeowner does not cure the default, then the loan must be accelerated in accordance with paragraph 22of the mortgage.

55.    <u>Fourth</u>, the foreclosure date must be properly set and advertised in a newspaper in Tuscaloosa County for three consecutive weeks.

56.    <u>Fifth</u>, the notice of sale must be sent to homeowner.

57.    If any step is not done strictly in compliance with the law and the mortgage, then the attempted foreclosure fails and is invalid.

### This Lawsuit Is Brought Under The Mortgage For A Court To Determine The Validity Of Any Default, Acceleration or Foreclosure

58.    There is no default.

59.    Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING never have owned this debt as there was no valid transfer of the debt or the mortgage to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING, there is no debt that is owed, and Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not properly followed the rules and laws in order to foreclose.

7

60.   This is an old legacy loan from the infamous Countrywide fiasco – the note and mortgage were supposedly transferred to the Defendants from Countrywide before 2012.

61.   Somehow, Countrywide allegedly transferred the mortgage to Defendants in 2012.

62.   But Countrywide did not exist in 2012 (it went under in 2008) so it is hard to imagine how a non-existent entity transferred the mortgage to the Defendants.

63.   The fact is it did not and these Defendants have no right to foreclose on this property.

64.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not sent a valid default notice as required by paragraph 22 of the mortgage.

65.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not sent a valid acceleration notice as required by paragraph 22 of the mortgage.

66.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not sent a copy of the foreclosure sales notice as required by paragraph 22 of the mortgage.


**Remaining Factual Allegations**

67.   After Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING allegedly took over the loan, Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING decided to take Plaintiffs' house in an illegal foreclosure sale.

68.   No proper default letter was sent as required by the mortgage to do a foreclosure.

69.   No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

70.   No proper notice of sale was sent to Plaintiffs, as required by the mortgage.

71.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to properly offer loss mitigation options as required by RESPA.

72.   RESPA requires that available loss mitigation options be presented to Plaintiffs.

73. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to do so.

74. Or they did so and then claimed the Plaintiffs were not entitled to any, especially a loan modification.

75. No explanation was given by Defendants who told Plaintiffs they could apply for a loan modification and then rejected them because (falsely) the Defendants claim they cannot and will not give loan modifications.

76. Such non-sense and double talk is par for the course in dealing with these defendants.

77. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to send proper mortgage statements each month as required by RESPA and TILA.

78. Even though Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING claim this is a valid debt and valid mortgage (such that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have and still are threatening to foreclose), they refuse to treat this as such as they refuse to send proper monthly mortgage statements.

79. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have a pattern and practice of violating RESPA, FDCPA, and TILA.

80. This is not an oversight on the part of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

81.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING believes that very few, if any, consumers will take action based upon their violation of Federal and state laws.

82.   The actions and inactions of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING violate the TILA, FDCPA and RESPA as well as state law.

83.   The loan at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

84.   It is a consumer and personal loan for a home and thus qualifies as a covered debt under the FDCPA.

85.   Plaintiffs allege the (alleged) debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING.

86.   Even though no debt is actually owed to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING, they claimed the debt was owed and in default when they first began allegedly servicing or owning the non-existent debt.

87.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are in the primary business of collecting debts.

88.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING meet all requirements to be considered a "debt collector" under the FDCPA.

89.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have continued to this very day to engage in debt collection activities against Plaintiffs, including seeking payment of an amount not owed and attempting to foreclose against Plaintiffs without the right to do so.  This has been done through calls, letters, credit reporting, and other means of collection.

90.   Misrepresentations were made regarding the character, amount, or legal status of the debt.

91.   The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

92.   False credit reporting has occurred by the Defendants against Plaintiffs.

93.   The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were not legally entitled to take or had no intention of taking.

94.   The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

95.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING used false representations and/or deceptive means to collect on this debt.

96.   The collection methods employed by Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were and are harassing and illegal.

97.   As a direct result of the acts complained of against Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiffs' reputation, economic and emotional damages and claim from Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING all damages allowable under the law.

98.   It is understandable and natural and foreseeable that if an improper and illegal threat is made to take a consumer's home, the consumer will find this very upsetting and will suffer emotional distress.

99.   Plaintiffs' name has been published in a newspaper and online as facing foreclosure – this has caused great emotional distress as would be expected when false information is published about a consumer in the public.

100.   Knowing that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have violated the federal and state laws as well as refusing to follow the contract (mortgage and note), is very upsetting and has caused emotional distress and mental anguish to Plaintiffs.

101.   Plaintiffs do not know what other illegal acts Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING will commit but it is obvious to Plaintiffs that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING will continue to illegally collect and attempt to take Plaintiffs' home and this has caused and will continue to cause great emotional distress and mental anguish.

102.   All employees and agents of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING acted with the line and scope of their employment and/or agency relationship.

103.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have refused to apologize to Plaintiffs for their misconduct against Plaintiffs.

104.   There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have no such right to foreclose on March 6, 2018.

105.   As a direct result of the acts complained of against each Defendant, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiffs'

reputation and credit, economic and emotional damages and claim from all Defendants all damages allowable under the law.

106.    All employees and agents of each Defendant acted with the line and scope of their employment and/or agency relationship.

107.    No Defendant has apologized to Plaintiffs for its misconduct against Plaintiffs.

108.    There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants have no such right to foreclose.

## COUNT I

## VIOLATIONS OF RESPA AND TILA BY DEFENDANTS

109.    All paragraphs of this Complaint are incorporated as if fully set forth herein.

110.    Defendants are obligated to offer loss mitigation options to Plaintiffs before foreclosing.

111.    Defendants refused to do this.

112.    Defendants refused to allow Plaintiffs to apply for loss mitigation.

113.    Defendants refused to properly review any and all loss mitigation applications/requests by Plaintiffs.

114.    Defendants illegally dual tracked.

115.    Defendants refused to provide a payoff under the time limits required by law.

116.    Defendants refused to provide an accurate payoff.

117.    Defendants have refused to send monthly mortgage statements as required by law.

118.    Defendants have refused to give proper notice of change in ownership or change in servicing.

119.    As a result of this lack of compliance by the Defendants, they are liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

120.   The violations of the law by Defendants have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

## VIOLATIONS OF THE FDCPA

121.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

122.   Defendants violated the entirety of the FDCPA including, but not limited to, Sections 1692d, 1692e, 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g as set forth in this Complaint.

123.   As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT III

## BREACH OF CONTRACT BY ALL DEFENDANTS

124.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

125.   Defendants had a contract with Plaintiffs but Defendants breached any and all contracts with Plaintiffs.

126.   Defendants have refused to strictly follow the requirements of the contracts as well as the law in the default, acceleration, and illegally scheduled foreclosure on March 6, 2018.

127.   Defendants have refused to properly credit Plaintiffs' payments.

128.   The other numerous violations of the contact will be identified in discovery.

129.   Plaintiffs have performed under the contract.

130.   As a result of Defendants' breach of contract, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT IV

## DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

131.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

132.   Because Defendants have failed to follow the mortgage and state and federal laws (and rules and regulations) and because there is no default, the foreclosure should not be allowed to go forward.

133.   Plaintiffs are not in default.

134.   Defendants have no right to foreclose.

135.   Pursuant to paragraph 22 of the mortgage, Plaintiffs request a determination that foreclosure is not allowed.

## COUNT V

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS BY DEFENDANTS

136.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

137.   Defendants' collectors and employees/agents are allowed and encouraged to break Alabama tort law in order to collect debts and foreclose on homes.

138.   The Alabama tort law violated includes:  negligence, wantonness, and invasion of privacy.

139.   For example, the Defendants know they must follow the mortgage but they allow and encourage their collectors/employees/agents to violate the mortgage as set forth in this Complaint.

140.  Defendants know that it is illegal to foreclose but have publicly and privately told Plaintiffs that Defendants will take Plaintiffs' home from Plaintiffs and this constitutes an invasion of privacy under Alabama law as well as negligence and wantonness.

141.  Defendants are aware of the wrongful conduct of their agents and/or employees.

142.  The actions of Defendants' agents and employees were not done secretly but instead were done openly through letters, calls and even publicly through advertising the foreclosure in a public newspaper and online.

143.  Clearly Defendants knew or should have known of the violations of Alabama tort law if Defendants had exercised any due care.

144.  As Defendants have not apologized in any way to Plaintiffs, even after the filing of this suit, it is apparent that the Defendants intended for Plaintiffs to be treated the way Plaintiffs were treated by Defendants' employees and agents.

145.  Despite the knowledge of what was happening, Defendants refused to correct, discipline, supervise or make right the wrongful conduct of their agents and employees who violated Alabama tort law.

146.  Instead, Defendants have intentionally (or wantonly or negligently) reaped the rewards of and encouraged their employees and agents to violate Alabama tort law.

147.  Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate Alabama law as was done to Plaintiffs and Defendants are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

**COUNT VI**

**NEGLIGENT AND/OR WANTON CONDUCT BY DEFENDANTS**

148. All paragraphs of this Complaint are incorporated as if fully set forth herein.

149. Defendants had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care when they decided to threaten to foreclose and advertise publicly an upcoming foreclosure against Plaintiffs.

150. There is no contract between Plaintiffs and Defendants and there is no contractual relationship between Plaintiffs and Defendants.

151. So when Defendants decided to collect money and to threaten and actually schedule a foreclosure, with no contact and not contractual right to do so, they were obligated to proceed with reasonable and due care.

152. Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs when they began to collect against Plaintiffs and threaten foreclosure.

153. Defendants violated all of the duties Defendants had and such violations were made negligently and wantonly.

154. This is especially true as there is not even a contract between Defendants and Plaintiff.

155. It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiffs.

156. Plaintiffs have been damaged by Defendants' wrongful conduct as described in this Amended Complaint.

## COUNT VII

### INVASION OF PRIVACY BY DEFENDANTS

157.    All paragraphs of this Complaint are incorporated as if fully set forth herein.

158.    Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and

Defendants violated Alabama state law as described in this Complaint.

159.    Congress explicitly recognized a consumer's inherent right to privacy in collection

matters in passing the Fair Debt Collection Practices Act, when it stated as part of its

findings:

**Abusive debt collection practices contribute** to the number of personal
bankruptcies, to marital instability, to the loss of jobs, and **to invasions of
individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

160.    Congress further recognized a consumer's right to privacy in financial data in passing the

Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a

broad range of "financial institutions" including debt collectors (albeit without a private

right of action), when it stated as part of its purposes:

It is the policy of the Congress that **each financial institution has an
affirmative and continuing obligation to respect the privacy of its
customers** and to protect the security and confidentiality of those
customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

161.    Defendants and/or their agents intentionally, recklessly, and/or negligently interfered,

physically or otherwise, with the solitude, seclusion and or private concerns or affairs of

the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and

thereby invaded Plaintiffs' privacy.

18

162.    Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiffs' property, taking Plaintiffs' money and all other wrongful acts which will come to light in discovery, thereby invading and intruding upon Plaintiffs' right to privacy.

163.    This includes any false credit reporting by Defendants on Plaintiffs' credit reports (which was made with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendants as outlined in this Complaint and as will be proven at trial.

164.    The plan and scheme carried out by Defendants exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

165.    Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

166.    The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

167.    Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

168.    All invasions of privacy acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages as well as nominal and compensatory damages.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs having set forth their claims for relief against each Defendant, respectfully prays of the Court as follows:

a.     That Plaintiffs have and recover against each Defendant a sum to be determined by a jury in the form of actual/compensatory damages; nominal damages; punitive damages; and statutory damages;

b.     That each Defendant be enjoined from further violations of the law against Plaintiffs;

c.     This Honorable Court rule that there is no right to foreclose by Defendants;

d.     That Plaintiffs have reasonable attorney's fees, costs, expenses; and

e.     That Plaintiffs have such other and further and proper relief as the Court may deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/John G. Watts
**Attorney for Plaintiffs**

20

**<u>Please serve Defendants by certified mail at the following addresses:</u>**

The Bank of New York Mellon, As Trustee (CWABS 2006-SD3)
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104


Bayview Loan Servicing, LLC
c/o Corporation Service Center
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
2/28/2018 11:37 PM
63-CV-2018-900216.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| DEDRIC WRIGHT, an individual, | ) |
| TALIETHA WRIGHT, an individual, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) Civil Action No.: |
| v. | ) |
| | ) |
| BAYVIEW LOAN SERVICING, LLC, a | ) |
| Corporation;  THE BANK OF NEW YORK | ) **JURY DEMAND** |
| MELLON, AS TRUSTEE (CWABS 2006- | ) |
| SD3), a Corporation, and Fictitious | ) |
| defendants A-Z are those defendants who | ) |
| caused or are responsible for the harm done | ) |
| to Plaintiffs. | ) |
| | ) |
| **Defendants.** | |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF BAYVIEW LOAN SERVICING, LLC BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure.  The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition.  The deposition will continue until completed.

**DEPONENT:**   **Corporate Representative of Bayview Loan Servicing, LLC**

**DATE:**   **June 25, 2018**

**TIME:**   **9:00 a.m.**

**PLACE:**   **Watts & Herring, LLC**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters for**

**the time period of three (3) years prior to the filing of the Complaint through the date of the deposition:**

1.      Allegations of the Complaint.

2.      Your Answer to the Complaint.

3.      The Note and Mortgage of Plaintiff.

4.      All assignments, endorsements, allonges, or other transfers of the Note or Mortgage of Plaintiff.

5.      All discovery responses to Plaintiff's written discovery.

6.      Any loss mitigation efforts/discussions with Plaintiff.

7.      All training, supervision, and policies related to foreclosure and loan modification.

8.      Training, supervision, and policies regarding all loss mitigation and postponing or cancelling a foreclosure sale.

9.      The actions of all sub or master mortgage servicers related to the Plaintiff.

10.     Your communications with and work for or with the owner of the mortgage loan.

11.     All letters from Plaintiff and your responses to the letters.

<u>**DUCES TECUM**</u>

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.      All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447;  fax (888) 522-7167
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

ELECTRONICALLY FILED
2/28/2018 11:37 PM
63-CV-2018-900216.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| DEDRIC WRIGHT, an individual, ) | |
| TALIETHA WRIGHT, an individual, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| v. ) | |
| ) | |
| BAYVIEW LOAN SERVICING, LLC, a ) | |
| Corporation; THE BANK OF NEW YORK ) | **JURY DEMAND** |
| MELLON, AS TRUSTEE (CWABS 2006- ) | |
| SD3), a Corporation, and Fictitious ) | |
| defendants A-Z are those defendants who ) | |
| caused or are responsible for the harm done ) | |
| to Plaintiffs. ) | |
| | |
| **Defendants.** | |

## NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF THE BANK OF NEW YORK MELLON, AS TRUSTEE (CWABS 2006-SD3) BY VIDEO OR OTHER LAWFUL MEANS

Take notice, that the Plaintiff will take the deposition (by video and/or other allowable means under the law) of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:**   **Corporate Representative of The Bank of New York Mellon, As Trustee (CWABS 2006-SD3)**

**DATE:**   **June 26, 2018**

**TIME:**   **9:00 a.m.**

**PLACE:**   **Watts & Herring, LLC**
**The Kress Building**
**301 19th Street North**
**Birmingham, AL 35203**

-1-

**Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters for the time period of three (3) years prior to the filing of the Complaint through the date of the deposition:**

1.      Allegations of the Complaint.

2.      Your Answer to the Complaint.

3.      The Note and Mortgage of Plaintiff.

4.      All assignments, endorsements, allonges, or other transfers of the Note or Mortgage of Plaintiff.

5.      All discovery responses to Plaintiff's written discovery.

6.      Any loss mitigation efforts/discussions with Plaintiff.

7.      All training, supervision, and policies related to foreclosure and loan modification.

8.      Training, supervision, and policies regarding all loss mitigation and postponing or cancelling a foreclosure sale.

9.      The actions of all sub or master mortgage servicers related to the Plaintiff.

10.     Your communications with and work for or with the owner of the mortgage loan.

11.     All letters from Plaintiff and your responses to the letters.

## <u>DUCES TECUM</u>

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition:

1.      All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts (WAT056)**
**M. Stan Herring (HER037)**
Watts & Herring, LLC
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447;  fax (888) 522-7167
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiff**


**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**



ELECTRONICALLY FILED
2/28/2018 11:37 PM
63-CV-2018-900216.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **DEDRIC WRIGHT, an individual,** ) | |
| **TALIETHA WRIGHT, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **BAYVIEW LOAN SERVICING, LLC, a** ) | |
| **Corporation;  THE BANK OF NEW YORK** ) | **JURY DEMAND** |
| **MELLON, AS TRUSTEE (CWABS 2006-** ) | |
| **SD3), a Corporation, and Fictitious** ) | |
| **defendants A-Z are those defendants who** ) | |
| **caused or are responsible for the harm done** ) | |
| **to Plaintiffs.** ) | |
| | |
| **Defendants.** | |

## COMPLAINT

**COME NOW** the Plaintiffs Dedric Wright and Talietha Wright (hereinafter "Plaintiffs")

by and through their attorneys of record and file Plaintiffs' Complaint against Defendants and

state as follows:

### JURISDICTION AND VENUE

1. This is an action brought by a consumer for violations of the Fair Debt Collection

   Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), Real Estate Settlement

   Procedures Act[1], 12 U.S.C. § 2605 ("RESPA"), the Truth in Lending Act 15 U.S.C. § 1601

   et seq. ("TILA") and state law by the Defendants including an **illegally scheduled**

   **foreclosure on March 6, 2018**.

2. This lawsuit is also brought under the authority of Plaintiffs' Mortgage – the very

   paragraph 22 that Defendants seek to use to foreclose expressly gives Plaintiffs the right

   to bring this court action to assert defenses.

---

[1] Any reference to TILA or RESPA or FDCPA or any part thereof encompasses all relevant parts and subparts
thereto.

3.      Venue is proper in this Court as all Defendants do business in this County.

**PARTIES**

4.      The Plaintiffs, Dedric Wright and Talietha Wright, (hereinafter "Plaintiffs"), are natural persons who reside within this County.

5.      Defendant The Bank of New York Mellon, As Trustee (CWABS 2006-SD3) ("Defendant" or "The Bank of New York") in this action is a foreign corporation doing business in this County, and is considered a "servicer" and a "creditor" under RESPA and TILA.  It is also considered a "debt collector" under the FDCPA.

6.      Defendant Bayview Loan Servicing, LLC ("Defendant" or "Bayview Loan Servicing Short Name") in this action is a foreign corporation doing business in this County, and is considered a "servicer" and a "creditor" under RESPA and TILA.  It is also considered a "debt collector" under the FDCPA.

7.      Due to the conflicting and contradictory information by Defendants, it is unclear which Defendant allegedly owns the mortgage and which Defendant is acting as a servicer so in this lawsuit both are alleged to be acting together in the line of scope of all agency agreements they have with each other.  Both are alleged to be the agent for each other.

8.      Fictitious defendants A-Z are those defendants who caused or are responsible for the harm done to Plaintiffs.  Any reference to "Defendant" or "Defendants" or "Defendant The Bank of New York" or "Defendant Bayview Loan Servicing" includes all fictitiously described Defendants as well.

**FACTS**

9.      RESPA and TILA apply to Defendants[2] THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING and to the loan at issue in this case.

10.     Defendants are collecting on this debt illegally including the fact that the Defendants have **scheduled an illegal foreclosure on March 6, 2018**.

11.     At some point Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING began to allegedly service or own the loan.

12.     After Defendants allegedly took over the loan, they decided to take Plaintiffs' house in an illegal foreclosure sale.

13.     No proper default letter was sent as required by the mortgage to do a foreclosure.

14.     No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

15.     Defendants have committed illegal dual tracking.

16.     Defendants refused to properly offer loss mitigation options and properly review loss mitigation requests/applications as required by RESPA.

17.     This is not an oversight or a mistake on the part of Defendants but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with a mortgage loan.

18.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have a pattern and practice of violating RESPA.

19.     Plaintiffs asked for a payoff and Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to provide one.

20.     The actions and inactions of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING violate the TILA, RESPA, and FDCPA as well as state law.

---

[2] Defendants have acted jointly and as agents for each other such that Plaintiffs refer to the Defendants collectively.

3

21.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are a
      servicer under RESPA, including the definition of 12 U.S.C. §2605(i)(2) & (3) as well as
      12 C.F.R. §1024.2.

22.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING engages
      in the following conduct as a servicer:  asking for periodic monthly payments, handling
      escrow matters (including insurance and force placed insurance), threatening foreclosure,
      etc.

23.   Companies such as Defendants THE BANK OF NEW YORK and BAYVIEW LOAN
      SERVICING can claim to be an owner or holder of the note and/or mortgage and still be
      a servicer under RESPA.

24.   The loan at issue qualifies under RESPA including 12 C.F.R. §1024.5(a) and 12 C.F.R.
      §1024.2.

25.   TILA applies to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN
      SERVICING as they claim to be an ultimate assignee from the original creditor and it is
      acting as a servicer as well and this loan qualifies under TILA.

26.   The FDCPA is a federal law that applies to debt collectors such as Defendants THE
      BANK OF NEW YORK and BAYVIEW LOAN SERVICING.

27.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are in
      the business of buying and/or servicing defaulted consumer debt, particularly mortgage
      debt, and then collecting on those defaulted consumer debts.

28.   Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have as
      their principal purpose in business to collect debts.

29.   Their sole business model is the collecting of defaulted debt, primarily mortgage debt.

30.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING do not make loans – instead they collect debt as their business purpose and mission.

31.     The FDCPA applies to mortgage loans, which were allegedly in default at the time the Defendant begins to collect on such loans.

32.     It prohibits deceptive conduct of any type as well as harassing or unfair conduct, even on debts that are owed.

33.     Here, Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING made false statements to Plaintiff and their conduct can only be described as unfair and harassing.

34.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have repeatedly violated the strict liability FDCPA.

35.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are collecting on this debt illegally including the fact that the Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING scheduled an illegal foreclosure on March 6, 2018.

36.     Defendants have given a false and inaccurate reinstatement amount and did not do so in a timely way, thereby depriving the Plaintiffs of the right to reinstate their loan before the foreclosure.

37.     The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were not legally entitled to take or had no intention of taking.

38.     The threatened foreclosure and other illegal collection activities are not authorized by the contracts giving rise to the alleged debt.

39.     Defendants have refused to follow all conditions precedent to foreclose, including those under the contract, under state law, under federal law, and under the rules and regulations governing this loan.  Plaintiff has not received proper and required notifications regarding the alleged foreclosure to occur on March 6, 2018.

40.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING used false representations and/or deceptive means to collect on this debt.

41.     The collection methods employed by Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were and are harassing and illegal.

## Non-Judicial Foreclosures In Alabama

42.     There are two types of foreclosure in America.

43.     By filing a complaint for foreclosure and having the Circuit Court rule that foreclosure is proper.

44.     This is known as a "judicial foreclosure."

45.     Florida, for example, is a judicial foreclosure state where tens of thousands of foreclosures have been filed in the Circuit Courts.

46.     The other way is a "non-judicial foreclosure" and this is used almost 100% of the time in residential foreclosures in Alabama.

47.     In a non-judicial foreclosure, the Alabama Supreme Court has repeatedly reminded mortgage companies and foreclosure lawyers that the mortgage and the law must be strictly complied with in order to have the benefit of a non-judicial foreclosure.

48.     A non-judicial foreclosure is of great advantage to mortgage companies, as they do not have to file a lawsuit.

49. Instead, it is akin to a vehicle repossession where there is no court involvement – hence the name of "non-judicial" foreclosure.

50. To get this great advantage, the mortgage company must strictly comply with all steps and laws.

51. Here are some of the steps that must be strictly complied with in order to do a non-judicial foreclosure.

52. First, the homeowner must truly be in default of an existing unpaid loan.

53. Second, the mortgage company must send a default letter (notice of default) that strictly complies with the mortgage.  In this case, that is paragraph 22 of the mortgage.

54. Third, if the homeowner does not cure the default, then the loan must be accelerated in accordance with paragraph 22of the mortgage.

55. Fourth, the foreclosure date must be properly set and advertised in a newspaper in Tuscaloosa County for three consecutive weeks.

56. Fifth, the notice of sale must be sent to homeowner.

57. If any step is not done strictly in compliance with the law and the mortgage, then the attempted foreclosure fails and is invalid.

**This Lawsuit Is Brought Under The Mortgage For A Court To Determine
The Validity Of Any Default, Acceleration or Foreclosure**

58. There is no default.

59. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING never have owned this debt as there was no valid transfer of the debt or the mortgage to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING, there is no debt that is owed, and Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not properly followed the rules and laws in order to foreclose.

60. This is an old legacy loan from the infamous Countrywide fiasco – the note and mortgage were supposedly transferred to the Defendants from Countrywide before 2012.

61. Somehow, Countrywide allegedly transferred the mortgage to Defendants in 2012.

62. But Countrywide did not exist in 2012 (it went under in 2008) so it is hard to imagine how a non-existent entity transferred the mortgage to the Defendants.

63. The fact is it did not and these Defendants have no right to foreclose on this property.

64. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not sent a valid default notice as required by paragraph 22 of the mortgage.

65. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not sent a valid acceleration notice as required by paragraph 22 of the mortgage.

66. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have not sent a copy of the foreclosure sales notice as required by paragraph 22 of the mortgage.


**Remaining Factual Allegations**

67. After Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING allegedly took over the loan, Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING decided to take Plaintiffs' house in an illegal foreclosure sale.

68. No proper default letter was sent as required by the mortgage to do a foreclosure.

69. No proper acceleration letter was sent as required by the mortgage to do a foreclosure.

70. No proper notice of sale was sent to Plaintiffs, as required by the mortgage.

71. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to properly offer loss mitigation options as required by RESPA.

72. RESPA requires that available loss mitigation options be presented to Plaintiffs.

8

73. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to do so.

74. Or they did so and then claimed the Plaintiffs were not entitled to any, especially a loan modification.

75. No explanation was given by Defendants who told Plaintiffs they could apply for a loan modification and then rejected them because (falsely) the Defendants claim they cannot and will not give loan modifications.

76. Such non-sense and double talk is par for the course in dealing with these defendants.

77. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING refused to send proper mortgage statements each month as required by RESPA and TILA.

78. Even though Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING claim this is a valid debt and valid mortgage (such that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have and still are threatening to foreclose), they refuse to treat this as such as they refuse to send proper monthly mortgage statements.

79. Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have a pattern and practice of violating RESPA, FDCPA, and TILA.

80. This is not an oversight on the part of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING but instead is a deliberate and calculated plan in an effort to thwart the protections offered to consumers such as Plaintiffs when dealing with an alleged mortgage loan.

81.  Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING believes that very few, if any, consumers will take action based upon their violation of Federal and state laws.

82.  The actions and inactions of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING violate the TILA, FDCPA and RESPA as well as state law.

83.  The loan at issue is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

84.  It is a consumer and personal loan for a home and thus qualifies as a covered debt under the FDCPA.

85.  Plaintiffs allege the (alleged) debt was in default at the time the servicing rights were allegedly assigned or transferred to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING.

86.  Even though no debt is actually owed to Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING, they claimed the debt was owed and in default when they first began allegedly servicing or owning the non-existent debt.

87.  Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING are in the primary business of collecting debts.

88.  Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING meet all requirements to be considered a "debt collector" under the FDCPA.

89.  Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have continued to this very day to engage in debt collection activities against Plaintiffs, including seeking payment of an amount not owed and attempting to foreclose against Plaintiffs without the right to do so.  This has been done through calls, letters, credit reporting, and other means of collection.

90.     Misrepresentations were made regarding the character, amount, or legal status of the debt.

91.     The amount of the debt, the amount of fees and charges, were incorrect and not supported by the law and by the note and mortgage.

92.     False credit reporting has occurred by the Defendants against Plaintiffs.

93.     The threatened foreclosure and other collection activities are illegal and constitute a threat to take action which Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were not legally entitled to take or had no intention of taking.

94.     The threatened foreclosure and other illegal collection activities are not authorized by the contract giving rise to the alleged debt.

95.     Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING used false representations and/or deceptive means to collect on this debt.

96.     The collection methods employed by Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING were and are harassing and illegal.

97.     As a direct result of the acts complained of against Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiffs' reputation, economic and emotional damages and claim from Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING all damages allowable under the law.

98.     It is understandable and natural and foreseeable that if an improper and illegal threat is made to take a consumer's home, the consumer will find this very upsetting and will suffer emotional distress.

99.    Plaintiffs' name has been published in a newspaper and online as facing foreclosure – this has caused great emotional distress as would be expected when false information is published about a consumer in the public.

100.    Knowing that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have violated the federal and state laws as well as refusing to follow the contract (mortgage and note), is very upsetting and has caused emotional distress and mental anguish to Plaintiffs.

101.    Plaintiffs do not know what other illegal acts Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING will commit but it is obvious to Plaintiffs that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING will continue to illegally collect and attempt to take Plaintiffs' home and this has caused and will continue to cause great emotional distress and mental anguish.

102.    All employees and agents of Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING acted with the line and scope of their employment and/or agency relationship.

103.    Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have refused to apologize to Plaintiffs for their misconduct against Plaintiffs.

104.    There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants THE BANK OF NEW YORK and BAYVIEW LOAN SERVICING have no such right to foreclose on March 6, 2018.

105.    As a direct result of the acts complained of against each Defendant, Plaintiffs have been caused to suffer, and will continue to suffer great mental anguish, damage to Plaintiffs'

reputation and credit, economic and emotional damages and claim from all Defendants all damages allowable under the law.

106. All employees and agents of each Defendant acted with the line and scope of their employment and/or agency relationship.

107. No Defendant has apologized to Plaintiffs for its misconduct against Plaintiffs.

108. There is no right to foreclose and Plaintiffs request this Honorable Court rule that Defendants have no such right to foreclose.

## COUNT I

## VIOLATIONS OF RESPA AND TILA BY DEFENDANTS

109. All paragraphs of this Complaint are incorporated as if fully set forth herein.

110. Defendants are obligated to offer loss mitigation options to Plaintiffs before foreclosing.

111. Defendants refused to do this.

112. Defendants refused to allow Plaintiffs to apply for loss mitigation.

113. Defendants refused to properly review any and all loss mitigation applications/requests by Plaintiffs.

114. Defendants illegally dual tracked.

115. Defendants refused to provide a payoff under the time limits required by law.

116. Defendants refused to provide an accurate payoff.

117. Defendants have refused to send monthly mortgage statements as required by law.

118. Defendants have refused to give proper notice of change in ownership or change in servicing.

119. As a result of this lack of compliance by the Defendants, they are liable to Plaintiffs for actual damages, statutory damages for each violation, costs and attorneys fees.

120.    The violations of the law by Defendants have resulted in mental anguish, emotional distress, financial loss, damage to credit, and other damages that will be identified in discovery.

## COUNT II

## VIOLATIONS OF THE FDCPA

121.    All paragraphs of this Complaint are incorporated as if fully set forth herein.

122.    Defendants violated the entirety of the FDCPA including, but not limited to, Sections 1692d, 1692e, 1692e(4), 1692e(5), 1692e(8), 1692e(10), 1692e(11), 1692f, 1692f(1), 1692f(6), and 1692g as set forth in this Complaint.

123.    As a result of Defendants' violations of the FDCPA, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT III

## BREACH OF CONTRACT BY ALL DEFENDANTS

124.    All paragraphs of this Complaint are incorporated as if fully set forth herein.

125.    Defendants had a contract with Plaintiffs but Defendants breached any and all contracts with Plaintiffs.

126.    Defendants have refused to strictly follow the requirements of the contracts as well as the law in the default, acceleration, and illegally scheduled foreclosure on March 6, 2018.

127.    Defendants have refused to properly credit Plaintiffs' payments.

128.    The other numerous violations of the contact will be identified in discovery.

129.    Plaintiffs have performed under the contract.

14

130. As a result of Defendants' breach of contract, Plaintiffs are entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendants.

## COUNT IV

## DECLARATION THAT FORECLOSURE IS NOT ALLOWABLE

131. All paragraphs of this Complaint are incorporated as if fully set forth herein.

132. Because Defendants have failed to follow the mortgage and state and federal laws (and rules and regulations) and because there is no default, the foreclosure should not be allowed to go forward.

133. Plaintiffs are not in default.

134. Defendants have no right to foreclose.

135. Pursuant to paragraph 22 of the mortgage, Plaintiffs request a determination that foreclosure is not allowed.

## COUNT V

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS BY DEFENDANTS

136. All paragraphs of this Complaint are incorporated as if fully set forth herein.

137. Defendants' collectors and employees/agents are allowed and encouraged to break Alabama tort law in order to collect debts and foreclose on homes.

138. The Alabama tort law violated includes:  negligence, wantonness, and invasion of privacy.

139. For example, the Defendants know they must follow the mortgage but they allow and encourage their collectors/employees/agents to violate the mortgage as set forth in this Complaint.

15

140. Defendants know that it is illegal to foreclose but have publicly and privately told Plaintiffs that Defendants will take Plaintiffs' home from Plaintiffs and this constitutes an invasion of privacy under Alabama law as well as negligence and wantonness.

141. Defendants are aware of the wrongful conduct of their agents and/or employees.

142. The actions of Defendants' agents and employees were not done secretly but instead were done openly through letters, calls and even publicly through advertising the foreclosure in a public newspaper and online.

143. Clearly Defendants knew or should have known of the violations of Alabama tort law if Defendants had exercised any due care.

144. As Defendants have not apologized in any way to Plaintiffs, even after the filing of this suit, it is apparent that the Defendants intended for Plaintiffs to be treated the way Plaintiffs were treated by Defendants' employees and agents.

145. Despite the knowledge of what was happening, Defendants refused to correct, discipline, supervise or make right the wrongful conduct of their agents and employees who violated Alabama tort law.

146. Instead, Defendants have intentionally (or wantonly or negligently) reaped the rewards of and encouraged their employees and agents to violate Alabama tort law.

147. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate Alabama law as was done to Plaintiffs and Defendants are thereby responsible to the Plaintiffs for the wrongs committed against Plaintiffs and the damages suffered by Plaintiffs.

## COUNT VI

## NEGLIGENT AND/OR WANTON CONDUCT BY DEFENDANTS

148.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

149.   Defendants had a duty, and assumed a duty, to treat Plaintiffs fairly and with reasonable care when they decided to threaten to foreclose and advertise publicly an upcoming foreclosure against Plaintiffs.

150.   There is no contract between Plaintiffs and Defendants and there is no contractual relationship between Plaintiffs and Defendants.

151.   So when Defendants decided to collect money and to threaten and actually schedule a foreclosure, with no contact and not contractual right to do so, they were obligated to proceed with reasonable and due care.

152.   Defendants had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiffs when they began to collect against Plaintiffs and threaten foreclosure.

153.   Defendants violated all of the duties Defendants had and such violations were made negligently and wantonly.

154.   This is especially true as there is not even a contract between Defendants and Plaintiff.

155.   It was foreseeable, and Defendants did in fact foresee it, the actions of Defendants would lead and did lead to the exact type of harm suffered by Plaintiffs.

156.   Plaintiffs have been damaged by Defendants' wrongful conduct as described in this Amended Complaint.

## COUNT VII

### INVASION OF PRIVACY BY DEFENDANTS

157.   All paragraphs of this Complaint are incorporated as if fully set forth herein.

158.   Alabama law recognizes Plaintiffs' right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

159.   Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

160.   Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

161.   Defendants and/or their agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiffs, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiffs' privacy.

162.    Defendants and their agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt including threatening to take Plaintiffs' property, taking Plaintiffs' money and all other wrongful acts which will come to light in discovery, thereby invading and intruding upon Plaintiffs' right to privacy.

163.    This includes any false credit reporting by Defendants on Plaintiffs' credit reports (which was made with malice, wantonness, and/or recklessness), the threats to foreclose, the illegal debt collection, and all other wrongful acts of Defendants as outlined in this Complaint and as will be proven at trial.

164.    The plan and scheme carried out by Defendants exceeded the bounds of reasonableness that govern the collection of debts, as there is no right to collect this non existent debt and no right to threaten to foreclose.

165.    Plaintiffs had a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, private concerns or affairs, and private financial information.

166.    The conduct of Defendants and their agents, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in multiple intrusions and invasions of privacy by the Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

167.    Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

168.    All invasions of privacy acts of Defendants and their agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages as well as nominal and compensatory damages.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiffs having set forth their claims for relief against each Defendant,

respectfully prays of the Court as follows:

a.   That Plaintiffs have and recover against each Defendant a sum to be determined

by a jury in the form of actual/compensatory damages; nominal damages; punitive

damages; and statutory damages;

b.   That each Defendant be enjoined from further violations of the law against

Plaintiffs;

c.   This Honorable Court rule that there is no right to foreclose by Defendants;

d.   That Plaintiffs have reasonable attorney's fees, costs, expenses; and

e.   That Plaintiffs have such other and further and proper relief as the Court may

deem just and proper.

Respectfully Submitted,

/s/John G. Watts
John G. Watts (WAT056))
M. Stan Herring (HER037)
**Watts & Herring, LLC**
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/John G. Watts
**Attorney for Plaintiffs**

**Please serve Defendants by certified mail at the following addresses:**

The Bank of New York Mellon, As Trustee (CWABS 2006-SD3)
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104


Bayview Loan Servicing, LLC
c/o Corporation Service Center
641 South Lawrence Street
Montgomery, AL 36104

ELECTRONICALLY FILED
2/28/2018 11:37 PM
63-CV-2018-900216.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | |
|---|---|
| **DEDRIC WRIGHT, an individual,** ) | |
| **TALIETHA WRIGHT, an individual,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **Civil Action No.:** |
| **v.** ) | |
| ) | |
| **BAYVIEW LOAN SERVICING, LLC, a** ) | |
| **Corporation;  THE BANK OF NEW YORK** ) | **JURY DEMAND** |
| **MELLON, AS TRUSTEE (CWABS 2006-** ) | |
| **SD3), a Corporation, and Fictitious** ) | |
| **defendants A-Z are those defendants who** ) | |
| **caused or are responsible for the harm done** ) | |
| **to Plaintiffs.** ) | |
| ) | |
| **Defendants.** | |

## PLAINTIFFS' FIRST SET OF DISCOVERY TO ALL DEFENDANTS

**PLEASE TAKE NOTICE** that pursuant to the Alabama Rules of Civil Procedure, Plaintiffs propound the following discovery interrogatories and requests to each and every Defendant:

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## INSTRUCTIONS

If any objection is made to any of the following interrogatories or discovery requests, you shall make any such objection and state the relevant legal basis for such objection.  If any objection is made based upon a claim of privilege as to any response, you shall state the legal

basis for the privilege you are invoking and provide a detailed privilege log to support the invocation of such privilege.

Each and every interrogatory and discovery request herein is deemed continuing in nature pursuant to the Rules of Civil Procedure, and you are obligated to seasonably amend and provide any updated information that renders the responses to one or more of these interrogatories and discovery requests, incomplete or inaccurate, and serve those amended responses upon the counsel for Defendants.

As used in these interrogatories and discovery requests, the term "document" or "documents" means every writing or recorded material of every type and description, of any kind, that is in the possession, control or custody of you, which you have knowledge, whether originals, copies or facsimiles.  Such writings or recordings include, but are not limited to, collection notes, electronic computer collection records, printouts of collection records, sample collection letters, Metro-data tapes, diskettes, computer hard drives, tape backups, Zip-type disks, magnetic media of any kind, CD-ROM, DVD, correspondence, memoranda, stenographic notes, handwritten notes, contracts, documents, rough drafts, inter-office memoranda, memoranda for the files, letters, research materials, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, minutes, manuals, studies, publications, pamphlets, pictures, films, voice recordings, reports, surveys, minutes, statistical compilations, data processing cards, computer records, tapes, print-outs, agreements, communications, state and federal governmental hearings, reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, notebooks, note charts, charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or

negotiations, opinions or reports of consultants, photographs, video tape, motion picture film, digital photographs, brochures, advertisements, circular, press releases, drafts, any marginal comments appearing on any document, all other writings, books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) and all other written, printed, and recorded matter or tangible things upon which words, phrases, symbols or information of any kind are recorded, encrypted or otherwise stored.

A request to "identify" a document is a request to state the following, as applicable:

a. The date of the document;

b. The type of document;

c. The names and present addresses of the person or persons who prepared the document and of the signers and addressors of the document;

d. The name of the employer or principal whom the signers, addressers and preparers were representing;

e. The present location of the document;

f. The name and current business and home addresses of the present custodian of the original document, and any copies of it;

g. A summary of the contents of the document; and

h. If the original document was destroyed, the date and reason for or circumstances under which it was destroyed.

Plaintiffs request that the documents be made available for this inspection at the offices of counsel for Plaintiffs at **The Kress Building 301 Nineteenth Street North, Birmingham, Alabama 35203**.

These interrogatories and discovery requests are intended to cover all documents in your possession, or subject to their custody and control, regardless of location. If there are no such documents, please so state. If there are such documents, please list and mark appended documents responsive to each request. (Rules of Civil Procedure, Rule 34(b)).

Each interrogatory propounded herein should be answered from your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives or consultants and information which is known by each of them. An incomplete or evasive answer is deemed a failure to answer.

If any answer is qualified, you shall state specifically the terms of each qualification and the reasons for it. If an interrogatory cannot be answered in full, state the part which can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

If any interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

For purpose of these requests, a statement is (a) a written statement signed or otherwise adopted or approved by the person making it, or (b) stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

All request are limited in time (unless otherwise specified) to three (3) years prior to the date of the suit to the present.

## **INTERROGATORIES**

1.    For each individual person, officer, employee, agent, or other entity answering or providing any information used you to answer any Interrogatory, state the following:

     a.      First, last, and middle legal name;

     b.      All DBA, fake, or alias name(s) used by this person;

     c.      Job title or capacity;

     d.      Business address and telephone number;

     e.      Home address and telephone number; and

     f.      Age.

2.     Identify each document referred to or consulted by you in the preparation of the Answers to these Interrogatories and discovery requests made within this entire document.

3.     Identify all persons known to you to have personal knowledge of any facts or issues involved in this lawsuit, state the following:

     a.      First, last, and middle legal name;

     b.      All DBAs, fake, or alias name(s) used by this person;

     c.      Job title or capacity;

     d.      Business address and telephone number;

     e.      Home address and telephone number;

     f.      Age; and

     g.      State the general substance of each person's knowledge.

4.     Identify and describe with particularity all training that you provide or receive, in the area of foreclosure activities, loss mitigation, loan modifications, and postponement of foreclosures, including but not limited to:

     a.      The training content, timing, and duration;

     b.      All documents and audio or visual materials used in such training; and

     c.      Each person involved in providing such training.

5.    Identify and describe all documents, manuals, instructions, checklists, memorandum, restrictions or other documentation or instructions that your employees or agents are given, read, review, or otherwise use, regarding foreclosures, loss mitigation, loan modifications, and postponement of foreclosures.

6.    Please state in detail and provide all witnesses that support your answer as to every basis that you had to conduct the foreclosure that is scheduled to occur on or about March 6, 2018.

7.    Identify all notices sent pursuant to the Note or Mortgage.

8.    Identify as of March 6, 2018, the total current balance due, the past-due principal, past due interest, other charges due, and the amounts past due – including how you calculated each figure.

9.    Identify and produce all advertisements or other foreclosure notices that relate to the foreclosed property.

10.   Identify and describe any and all documents that describe, record, or establish your methods and techniques used to foreclosure for the previous three years and up through the present.

11.   Identify and describe fully any and all computerized, mechanical, manual, or other system(s) that you use, maintain, or operate to record any and all mail, telephone, in-person, or other forms of communications, or attempted communications, with persons or other third parties in connection with the collection of accounts, and your policies and procedures for operating such a system of records.

12.   Identify whether you electronically record telephone calls by any means with any persons and what steps are taken to preserve these recordings.

13.     Identify whether you recorded any telephone call with Plaintiff and whether or not these recordings have been preserved, and the current location and/or disposition of these recordings.

14.     In the form of a chronology, identify and describe in detail and with particularity, the process, events, and circumstances under which the threatened foreclosure was to take place, beginning with the first alleged default of Plaintiff.

15.     Identify and describe each communication, or attempted communication, between you with Plaintiff, or any other person, which is in any way related to the foreclosure, by stating the following:

   a.      The name of the individual initiating communication;

   b.      The name of the person and/or description of the person to whom the communication was directed;

   c.      The date and time of the communication;

   d.      The method of the communication (e.g. letter, phone call, in-person);

   e.      A detailed description of the substance of the communication, (do not simply refer to notes);

   f.      Identification of all witnesses to or participants in the communication; and,

   g.      Any actions taken by you as a result of the communication.

16.     Identify the full legal name, address, telephone, position, and title of all former employees of yours who in any manner were involved with the account of Plaintiff.

17.     Identify all lawsuits brought against you at any time arising out its foreclosing or attempted foreclosing activities, and for any reason, by supplying the correct legal caption, the court file number, the jurisdiction, the date of filing, and the final disposition or current status.

7

18.    Identify all legal claims, equitable claims, regulatory complaints, regulatory reports, arbitrations, mediations, in-court settlements, out-of-court settlements, or any other proceedings, formal or informal, Better Business Bureau, Commerce Department, or other regulatory complaints made against you or your employees at any time arising out its foreclosing or attempted foreclosing activities, and for any reason, by supplying the correct caption (if any), the name(s) of the complaining party, the file number, the jurisdiction, the date of filing, and the final disposition or current status of the claim, complaint or proceeding.

19.    Please identify all properties you have foreclosed on in Alabama, stating the following:

    a.      Number of foreclosures;

    b.      Name of the borrower on the Note and the property location;

    c.      All notices sent to each person; and

    d.      Whether the notice provisions of the Note and Mortgage differ from Plaintiff's Note and Mortgage.

20.    Identify what happened to the Note and Mortgage from the time they were executed up until the current day.  Include all assignments, transfers, endorsements, allonges, etc.

21.    If this loan was placed into a Trust, identify exactly how and when this note and/or mortgage was placed into the Trust and attach all documents relating to the Trust including the pooling and servicing agreement (PSA).

22.    Was this loan transferred into the Trust in accordance with the PSA?  Explain your answer.

23.    Identify all charges, fees or expenses that were imposed on Plaintiff and the authority for each such charge, fee or expense.

24.    In what order were payments to be applied – i.e. principal, interest, late fees, etc.

8

25.     For every payment received, describe how you applied every dollar and when you applied it.

26.     Identify every late fee, expense or charge during the life of the loan and the basis for each.

27.     Explain why you threatened to foreclose on Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**Pursuant to the Alabama Rules of Civil Procedure, Plaintiff requests that Defendants produce the documents described herein and permit Plaintiff's attorneys to inspect and copy such documents, as they may desire:**

1.    Please produce a copy of each and every document involving communication(s) or contact(s) between you and the following persons, which in any way references Plaintiff, or any allegation or defense asserted in this action:

        a)    Any credit bureaus;
        b)    The Plaintiff;
        c)    Any state or federal governmental entity;
        d)    Any other defendant in this case.

2.    Please produce copies of any statements you have taken or received from any person in any way connected with the allegations contained in this lawsuit.

3.    Please produce all documents related in any way to Plaintiff.

4.    Please produce all documents related in any way to the loan that you say Plaintiff is in default on.

## PLAINTIFF'S REQUEST FOR ADMISSIONS

**Pursuant to the Alabama Rules of Civil Procedure the Plaintiff demands that the following be admitted or denied:**

1.    You never owned the note at issue in this case.

2.    The loan was in default when you started servicing the note.

3.    All letters your attorneys wrote to Plaintiffs were within the line and scope of their representation of you.

4.    You have not apologized to Plaintiffs for any of your conduct related to the upcoming foreclosure.

5.    You decided to treat Plaintiffs different than you treat every other consumer in Alabama because of a personal dislike for Plaintiff.

6.    The mortgage that you seek to foreclose on gives Plaintiffs the right to have Plaintiffs' defenses heard in court.

7.    You agree you are bound by the mortgage, including paragraph 22.

8.    Your threatened foreclosure is based upon paragraph 22 of the mortgage.

9.    You agree all of paragraph 22 of the mortgage is valid and binding on you.

10.   You admit that you do not want Plaintiffs to exercise Plaintiffs' right under paragraph 22 of the mortgage to have Plaintiffs' defenses heard in court.

Respectfully Submitted,

/s/ John G. Watts
John G. Watts (WAT056)
M. Stan Herring (HER037)
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
**Attorneys for Plaintiffs**

**PLEASE SERVE WITH THE SUMMONS AND COMPLAINT**

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2018-900216.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DEDRIC WRIGHT ET AL V. BAYVIEW LOAN SERVICING, LLC ET AL

**NOTICE TO:** BAYVIEW LOAN SERVICING, LLC, C/O CORPORATION SVC CNTR 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS                                                                    ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203                                    .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEDRIC WRIGHT
pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 2/28/2018 11:37:46 PM | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.      /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*          *(Name of County)*

Alabama on _____ .

*(Date)*

_____          _____          _____

*(Type of Process Server)*          *(Server's Signature)*          *(Address of Server)*

                                 _____          _____

                                 *(Server's Printed Name)*          *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2018-900216.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**DEDRIC WRIGHT ET AL V. BAYVIEW LOAN SERVICING, LLC ET AL**

**NOTICE TO:** THE BANK OF NEW YORK MELLON, TRUSTEE CWABS 2006SD3, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street North, BIRMINGHAM, AL 35203

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of DEDRIC WRIGHT

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 2/28/2018 11:37:46 PM | /s/ MAGARIA HAMNER BOBO | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.        /s/ JOHN GRIFFIN WATTS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____ .

*(Date)*

_____                    _____
*(Type of Process Server)*        *(Server's Signature)*        *(Address of Server)*

_____
*(Server's Printed Name)*        *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2018-900216.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**DEDRIC WRIGHT ET AL V. BAYVIEW LOAN SERVICING, LLC ET AL**

**NOTICE TO:** THE BANK OF NEW YORK MELLON, TRUSTEE CWABS 2006SD3, C/O CT CORPORATION SYSTEM 2 N. JACKSON ST. STE 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),

JOHN GRIFFIN WATTS

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE:

THE ANSWER MUST BE MAIL...                                           ...ONS AND COMPLAINT OR
OTHER DOCUMENT WERE SER...                                          ...DERED AGAINST YOU FOR
THE MONEY OR OTHER THING...

**TO ANY SHERIFF**                                                           ...ILES OF CIVIL

☐ You are hereby commande...                                              ...her document in
   this action upon the above-...
☑ Service by certified mail of t...                                       ...IC WRIGHT
   pursuant to the Alabama R...                                              *(Name(s))*
   2/28/2018 11:37:46 PM                                                     By: _____
   *(Date)*                                                                      *(Name)*

☑ Certified Mail is hereby requ...

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required          $ _____
☐ Adult Signature Restricted Delivery $ _____
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

Postmark
Here

B.67

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

_____ in _____ County,
*(Name of Person Served)*                                       *(Name of County)*

Alabama on _____
              *(Date)*

_____                          _____
*(Type of Process Server)*                                *(Address of Server)*

_____                          _____
*(Server's Signature)*

_____                          _____
*(Server's Printed Name)*                                 *(Phone Number of Server)*

**63-CV-2018-900216.00**
DEDRIC WRIGHT ET AL V. BAYVIEW LOAN SERVICING, LLC ET AL

C001 - DEDRIC WRIGHT                   v.        D002 - THE BANK OF NEW YORK MELLON, TRUSTEE
                                                                              CWABS 2006SD3
*(Plaintiff)*                                                                   *(Defendant)*

**SERVICE RETURN COPY**

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2018-900216.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### DEDRIC WRIGHT ET AL V. BAYVIEW LOAN SERVICING, LLC ET AL

**NOTICE TO:** BAYVIEW LOAN SERVICING, LLC, C/O CORPORATION SVC CNTR 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
JOHN GRIFFIN WATTS

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: 301 19th Street N

THE ANSWER MUST BE MAILED OR DELIVE
OTHER DOCUMENT WERE SERVED ON YOU (
THE MONEY OR OTHER THINGS DEMANDED IN

**TO ANY SHERIFF OR ANY PERS
PROCE**

- [ ] You are hereby commanded to serve this S
this action upon the above-named Defend
- [x] Service by certified mail of this Summons is
pursuant to the Alabama Rules of the Civil
2/28/2018 11:37:46 PM
*(Date)*

- [x] Certified Mail is hereby requested.

PLAINT OR
T YOU FOR

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*
For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
- [ ] Return Receipt (hardcopy)      $
- [ ] Return Receipt (electronic)    $         Postmark
- [ ] Certified Mail Restricted Delivery  $      Here
- [ ] Adult Signature Required       $
- [ ] Adult Signature Restricted Delivery  $
Postage
$ *6.67*
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

---

**RI**

- [ ] Return receipt of certified mail received in this office on _____
*(Date)*

- [ ] I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

_____ in _____ County,
*(Name of Person Served)*        *(Name of County)*

Alabama on _____ .
*(Date)*

_____        _____
*(Type of Process Server)*    *(Server's Signature)*        *(Address of Server)*

_____        _____
*(Server's Printed Name)*      *(Phone Number of Server)*

### 63-CV-2018-900216.00
### DEDRIC WRIGHT ET AL V. BAYVIEW LOAN SERVICING, LLC ET AL

C001 - DEDRIC WRIGHT        v.        D001 - BAYVIEW LOAN SERVICING, LLC
*(Plaintiff)*        *(Defendant)*



**SERVICE RETURN COPY**

CV-2018-900216 Summers

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Bayview Loan Servicing, LLC (BSI)
c/o Prepocagus SVC (BSI)
601 Riverside Lawrence ST
Montgomery, AL 36104

9590 9402 3567 7305 7518 96

2. Article Number (Transfer from service label)

7017 0660 0000 5371 9770

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☒ Agent
                          ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Heather Wheeler   3/2/17

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below.          ☐ No

MAR 14 AM 11:08

MARIA H. BOBO
CIRCUIT COURT
TUSCALOOSA COUNTY, AL.

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

United States
Postal Service

9590 9402 3517 7305 7518 96

USPS TRACKING #

■ Sender: Please print your name, address, and ZIP+4® in this box●

2018 MAR 14   AM 11: 05

MAGARIA H. BOBO
CIRCUIT CLERK
TUSCALOOSA COUNTY, AL

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

CV-2018 - 900216 (Summons

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

The Bank of New York Mellon
Trustee Cwabs 2005-63
c/o Prepen for System
c/o Brasco St. Ste 600
Co. I. Ste
Montgomery, AL 36104

9590 9402 3567 7305 7518 89

2. Article Number (Transfer from service label)

7017 0660 0000 5371 9763

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X Laura McHann   ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

2018 MAR -8  AM II: 03

AGARIA H. BOBO
CIRCUIT COURT
TUSCALOOSA COUNTY AL

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

United States
Postal Service

9590 9402 3567 7305 7516 89

USPS TRACKING #

2010 MAR -8   AM 11: 03

Sender: Please print your name, address, and ZIP+4® in this box•

MAGARIA H. BOBO
CIRCUIT COURT
TUSCALOOSA COUNTY

MAGARIA H. BOBO
CIRCUIT CLERK
714 GREENSBORO AVE. ROOM 214
TUSCALOOSA, AL 35401

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10